# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRENCE BROWN | CIVIL ACTION |
| VERSUS | NO. 09-6461 |
| MARLIN N. GUSMAN | SECTION "I" (3) |

## ORDER AND REASONS

Plaintiff, Terrence Brown, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge,[1] and a bench trial was held on June 10, 2010. After plaintiff rested his case, defense counsel moved for judgment as a matter of law. The Court **GRANTED** that motion and hereby issues the following written reasons in support of its order and judgment.

As his first witness, plaintiff called inmate Darrell Bell, who testified by telephone. Bell stated that other prisoners used matches and tissues to set plaintiff afire as he slept in his bunk on May 25, 2009. Bell testified that he was similarly set afire the following day. A third inmate was later also set afire and reported the attack to prison officials. Within one day of that report, prison officials launched an investigation. During that investigation, plaintiff and Bell revealed for the first time that they had suffered similar attacks. The perpetrators of the attacks were identified and arrested.

---

[1] Rec. Doc. 18.

Plaintiff also testified. He explained that he and the other inmates did not initially report the attacks because they feared for their safety and did not want to be perceived to be snitches. Plaintiff acknowledged that prison officials were unaware of the attacks until they were reported after the incident involving the third inmate. Plaintiff further specifically conceded that he had no proof that Sheriff Gusman was aware of the danger prior to the attacks.

Plaintiff stated that he was burned in the attack. He testified that he had a nickel-sized burn on his wrist and two quarter-sized burns on his right leg. He did not initially report his burns, choosing instead to treat them himself by applying petroleum jelly. He finally reported his injuries on June 4, 2009, and was then examined by the medical staff on June 15, 2009.

The sole defendant named in this lawsuit is Orleans Parish Sheriff Marlin Gusman. Clearly, plaintiff failed to prove an individual-capacity claim against Sheriff Gusman. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff did not allege, much less prove at trial, that Sheriff Gusman was personally involved in the incidents in this lawsuit. Rather, plaintiff testified that he sued Sheriff Gusman based on his supervisory position. However, a supervisor may not be held liable pursuant to 42 U.S.C. § 1983

under any theory of strict liability[2] or vicarious liability[3] for federal civil rights violations allegedly committed by his subordinates.

The Court further notes plaintiff also failed to prove an official-capacity claim against Sheriff Gusman. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Sheriff Gusman would in reality be a claim against the local governmental entity he serves. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas,

---

[2] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[3] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff did not even allege, much less prove at trial, that his constitutional rights were violated as a result of a policy or custom.

For the foregoing reasons, it is evident that Sheriff Gusman is not a proper defendant with respect to plaintiff's claims. Moreover, out of an abundance of caution, the Court further notes that plaintiff would not be entitled to relief even if a proper defendant had been named. For the following reasons, it is apparent that plaintiff's underlying claims simply have no merit.

To the extent that plaintiff is claiming that jail officials were negligent for failing to provide better security, that claim is not cognizable in this federal proceeding. See Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right."); Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *5 (E.D. La. May 5, 2010) (Shushan, M.J.), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010) (Vance, J.).

To the extent that plaintiff is asserting a federal constitutional claim concerning the attack, it would be a failure-to-protect claim. See, e.g., Cruz v. Owens, Civ. Action No. 86-5325, 1986 WL 13478 (E.D. Pa. Nov. 26, 1986) (claim that inmate was attacked due to "poor security" analyzed as a failure-to-protect claim); see also Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010). It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Specifically, the United States Supreme Court has noted:

> [A]s the lower courts have uniformly held, and as we have assumed, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

Farmer v. Brennan, 511 U.S. 825, 833-34 (1994) (citations, footnote, quotation marks, ellipsis, and brackets omitted).

That said, "[i]t is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. Rather, to establish a failure-to-protect claim under § 1983, a prisoner must make two showings. First, he " must show that he was incarcerated under conditions posing a substantial risk

5

of serious harm." Id. Second, he must show that the prison officials sued had a "sufficiently culpable state of mind." Id. (quotation marks omitted). Therefore, it must be shown that those officials were "deliberately indifferent to [the prisoner's] need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). With respect to that requirement, the United States Fifth Circuit Court of Appeals has explained:

> An official acts with the requisite deliberate indifference if he is *aware of* an excessive risk to inmate safety and *disregards* that risk. In this context, an officer's awareness of the risk is evaluated subjectively. *The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must in fact also have drawn the inference.*

Longoria v. Texas, 473 F.3d 586, 592-93 (5th Cir. 2006) (emphasis added; citations, quotation marks, brackets, and ellipsis omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001).

As plaintiff candidly acknowledged at trial, there is no evidence whatsoever that, at the time this incident occurred on May 25, 2009, prison officials were aware of, or had any reason to be aware of, the fact that a gang of prisoners was setting other inmates afire as they slept. As plaintiff himself noted, the incidents went unreported to prison officials until *after* plaintiff was attacked. That fact is fatal to plaintiff's claim, in that a prison official simply cannot be said to have been deliberately indifferent for failing to protect against a potential harm of which he was unaware. Farmer, 511 U.S. at 844; Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

Lastly, to the extent that plaintiff intended to assert a claim for inadequate medical care for the injuries he sustained in the attack, that claim also fails. To prevail on such a claim, an inmate must show that his *serious medical needs* were met with *deliberate indifference* on the part of penal authorities. Thompson, 245 F.3d at 457; Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). In this case, plaintiff made no such showing. The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In the instant case, plaintiff did not even initially seek medical care for his burns. In light of that fact, the Court must obviously question the seriousness of the injuries. Nevertheless, even if plaintiff's burns were sufficient to constitute a serious medical need, there is simply no evidence that prison officials were deliberately indifferent to that need. Once plaintiff reported his injuries, he received medical attention.

In fact, the only complaint plaintiff voiced at trial concerning his medical care was that it took approximately eleven days to receive treatment once he finally reported his injuries. Such a delay does not strike the Court as unreasonable for non-emergency medical care. However, even if the delay were considered undue, mere delay is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Bennett v. Louisiana *ex rel.* Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007). In this case, plaintiff failed to prove that he suffered any harm, much less substantial harm, as a result of the brief delay.

Accordingly,

**IT IS ORDERED** that plaintiff's claims against Orleans Parish Sheriff Marlin N. Gusman are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this fifteenth day of June, 2010.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**